IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr116-MHT |
| | ) | (WO) |
| MARTIN J. CONNORS | ) | |

ORDER

This cause is before the court on defendant Martin J. Connors's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for January 14, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Connors in a speedy trial. Connors represents that he has filed an application for pretrial diversion, which the government has agreed to

consider in exchange for his willingness to cooperate and testify if necessary.  The government needs time to process and consider the diversion application and does not oppose the continuance.  In addition, the court finds no evidence of a lack of diligence by either party.  Because denying a continuance under these circumstances would deny counsel for both parties adequate time for effective preparation, the court will grant the continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Martin J. Connors's motion to continue trial (doc. no. 204) is granted.

(2) Defendant Connors's motion to sever (doc. no. 204) is denied as moot.

(3) The jury selection and trial, now set for January 4, 2019, are reset for April 15, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 4th day of January, 2019.

                                            /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**