IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr116-MHT |
| | ) | (WO) |
| MARTIN J. CONNORS and | ) | |
| RANDALL M. DAVIS | ) | |

OPINION AND ORDER

This cause is before the court on the joint motion to continue filed by defendants Martin J. Connors and Randall M. Davis. For the reasons set forth below, the court finds that jury selection and trial, now set for April 8, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public, Connors, and Davis in a speedy trial. Both Connors and Davis have been approved by the U.S. Attorney's Office to participate in pre-trial diversion, but they state that they need more time to finalize the necessary paperwork. Accordingly, because the current trial date does not provide sufficient time for Connors and Davis to finalize their pre-trial diversion agreements--much less prepare adequately for trial should they need to--a continuance is warranted and necessary.

The court understands that the government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The joint motion to continuance (doc. no. 228) of defendants Martin J. Connors and Randall M. Davis, is granted.

(2) The jury selection and trial for defendants Connors and Davis, now set for April 8, 2019, are reset

for May 20, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 29th day of March, 2019.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE